IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARL C. GILBERT, JR,

                                                          ORDER

                 Plaintiff,

                                                  10-cv-282-bbc

ASTRAZENECA LP, JOHN AND JANE DOE
OWNERS OF ASTRAZENECA LP, JOHN AND
JANE DOE DOCTORS OF MEDICATIONS
OF "QUETIAINE  FUMARATE" AND
"SEROQUEL," JOHN AND JANE DOE BOARD
MEMBERS OF ASTRAZENECA LP,
DEPARTMENT OF HEALTH AND FAMILY
SERVICES, SHARON E. ZUNKER, KAREN E.
TIMBERLAKE, JOHN AND JANE DOE DEPARTMENT
OF CORRECTIONS DIVISION OF ADULT
INSTITUTIONS AND BUREAU OF HEALTH SERVICES
MEDICAL, NON-MEDICAL AND MENTAL HEALTH
STAFF, WARDENS WITHIN THE DOC, BHS AND DAI
AND JOHN AND JANE DOE 1-3001 STAFF, OFFICIALS
AND EMPLOYEES.

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Carl C. Gilbert, Jr. is a prisoner at the Waupun Correctional Institution. (He states that he is civilly committed under Wis. Stat. Chap. 980, but a search of court documents shows that he is in the custody of the Wisconsin Department of Corrections following revocation of his parole.)  He has filed a proposed complaint but has not paid the

1

$350 filing fee, so I will construe his complaint as including a motion for leave to proceed in forma pauperis. Because plaintiff has earned three strikes under 28 U.S.C. § 1915(g) for bringing earlier actions that were frivolous, malicious or failed to state a claim upon which relief could be granted, he cannot qualify for in forma pauperis status in a case unless he alleges in his complaint that he is in imminent danger of serious physical injury. Plaintiff's complaint in this case does not meet the imminent danger requirement. Therefore, his request for leave to proceed in forma pauperis will be denied.

Section 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has been denied leave to proceed in forma pauperis in lawsuits that contained claims that were legally frivolous, malicious or failed to state a claim upon which relief may be granted. Gilbert v. Haese, 01-cv-536 (E.D. Wis. Oct. 29, 2001); Gilbert v. American Civil Liberties Union of Illinois, 02-cv-388 (E.D. Wis. May 6, 2002); Gilbert v. Griesbach, 03-cv-420 (E.D. Wis. May 28, 2003). Therefore, plaintiff cannot proceed in this case unless his complaint sets forth allegations suggesting that he is in imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), the threat or prison condition must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations of past harm do not suffice. The harm must be imminent or occurring at the time the court considers his request for leave to proceed in forma pauperis. See id. (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)).

In his complaint, plaintiff alleges that between 2004 and 2006, Department of Corrections medical staff treated him with two drugs, quetiapine fumarate and seroquel, which caused him serious mental and physical harm. He is now being treated by other doctors for potential "restrictive lung disease" and cancer caused by these drugs. These are allegations of past wrongdoing. He does not allege that he is being denied treatment at ther present time for the effects of these drugs. Therefore, plaintiff's complaint is not a complaint requiring application of the exception to § 1915(g).

Although plaintiff is disqualified from proceeding in forma pauperis on his claim under § 1915(g), he may choose to pursue this case as a paying litigant. If so, he must submit a check or money order made payable to the clerk of court in the amount of $350 to pay the filing fee. If he does this, however, plaintiff should be aware that the court then will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or

3

seeks monetary relief from a defendant who is immune from such relief.

If plaintiff does not pay the full filing fee by August 9, 2010, I will consider that he does not want to pursue this action. In that event, the clerk of court is directed to close this file.

ORDER

IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis is DENIED because he is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that plaintiff may have until August 9, 2010, in which to submit a check or money order made payable to the clerk of court in the amount of $350 to pay filing fee for this case. If, by August 9, 2010, plaintiff fails to pay the fee, the clerk of court is directed to close this file.

Entered this 19th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge