IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARL C. GILBERT, JR,

                Plaintiff,

ASTRAZENECA LP, JOHN AND JANE DOE
OWNERS OF ASTRAZENECA LP, JOHN AND
JANE DOE DOCTORS OF MEDICATIONS
OF "QUETIAINE  FUMARATE" AND
"SEROQUEL," JOHN AND JANE DOE BOARD
MEMBERS OF ASTRAZENECA LP,
DEPARTMENT OF HEALTH AND FAMILY
SERVICES, SHARON E. ZUNKER, KAREN E.
TIMBERLAKE, JOHN AND JANE DOE DEPARTMENT
OF CORRECTIONS DIVISION OF ADULT
INSTITUTIONS AND BUREAU OF HEALTH SERVICES
MEDICAL, NON-MEDICAL AND MENTAL HEALTH
STAFF, WARDENS WITHIN THE DOC, BHS AND DAI
AND JOHN AND JANE DOE 1-300 STAFF, OFFICIALS
AND EMPLOYEES.

                Defendants.

ORDER

10-cv-282-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a July 19, 2010 order, I denied plaintiff Carl Gilbert's motion for leave to proceed in forma pauperis in this case because he has struck out under 28 U.S.C. § 1915(g), and his complaint did not allege that he was in imminent danger of serious physical harm at the Waupun Correctional Institution.  Because plaintiff failed to pay the full $350 filing fee in

1

order to proceed, the case was closed. Now plaintiff has submitted a motion for reconsideration of several aspects of the July 19, 2010 order.

First, plaintiff argues that I was incorrect in stating that he was a prisoner rather than a patient and thus subject to the "three strikes rule" under 28 U.S.C. § 1915(g). Plaintiff's position is that he was civilly committed under Wis. Stat. Chap. 980 and was illegally incarcerated at the Waupun Correctional Institution. He provides documents showing that his parole was revoked in 2007 and that he was ultimately released from prison on August 28, 2010. These documents only support the fact that plaintiff was legally incarcerated on May 27, 2010, the day that he filed his complaint in this court. This date determines whether a plaintiff is a prisoner, not the current date.

Next, plaintiff argues that I was incorrect in concluding that his complaint did not allege that he was in imminent danger of serious physical harm. In the July 19, 2010 order, I discussed plaintiff's claims as follows:

> In his complaint, plaintiff alleges that between 2004 and 2006, Department of Corrections medical staff treated him with two drugs, quetiapine fumarate and seroquel, which caused him serious mental and physical harm. He is now being treated by other doctors for potential "restrictive lung disease" and cancer caused by these drugs. These are allegations of past wrongdoing. He does not allege that he is being denied treatment at the present time for the effects of these drugs. Therefore, plaintiff's complaint is not a complaint requiring application of the exception to § 1915(g).

In his motion for reconsideration, plaintiff states that he is not being treated for the maladies

2

that allegedly resulted from his being treated with these medications. However, it is impossible to tell from plaintiff's complaint whether that is the case or which defendants are responsible for denying him care. Accordingly, I will deny his motion for reconsideration.

Usually I would give plaintiff a chance to file an amended complaint that more clearly sets out his claims, but he has informed the court that he has been transferred to the Sand Ridge Secure Treatment Center. Even though it appears that plaintiff may no longer be a prisoner, he remains subject to the three strikes rule in this case because he was a prisoner when he filed his original complaint. Thus the only claims on which he could be allowed to proceed in forma pauperis are those alleging he is in imminent danger of serious physical harm. However, any imminent danger claim plaintiff believes he has regarding his treatment at the Waupun Correctional Institution has been made moot by his transfer out of that prison. Lehn v. Holmes, 364 F.3d 862, 871 (7th Cir. 2004) (Generally, "[w]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.") Accordingly, there is no reason invite plaintiff to submit an amended complaint in this action.

Plaintiff remains free to file a new case, but he will be responsible for the filing fee for that case as well as this one. Whether or not plaintiff would be limited to imminent danger claims in a new case depends on whether he is a prisoner at the time he submits the complaint to the court.

3

ORDER

IT IS ORDERED that plaintiff Carl C. Gilbert, Jr.'s motion for reconsideration, dkt. #4, is DENIED.

Entered this 26th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge